**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARCIA REECHER, individually, d/b/a Reecher Management Company, | ) ) ) |
| Plaintiff, | ) Case No. 14-CV-149-JED-FHM ) |
| v. | ) ) |
| CAPITOL INDEMNITY CORPORATION; and ACCEPTANCE INDEMNITY INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

**I.    Background**

Marcia Reecher, who is designated as the plaintiff here, was the defendant in a Tulsa County District Court action filed against her by Tulsa Knollwood, LLC (Knollwood) in 2011. (Doc. 2-1).[1] Reecher filed a counterclaim against Knollwood and its owner, Michael Clark, alleging breach of contract, intentional infliction of emotional distress, defamation, and abuse of process. (Doc. 2-2). On the morning the case was set for trial, March 10, 2014, Reecher entered into a settlement with Knollwood and Clark, which resulted in the entry of a $1.75 million judgment in Reecher's favor. The settlement was memorialized in a Journal Entry of Judgment entered by the Tulsa County District Court on that same date. (Doc. 2-10). The Journal Entry of Judgment indicated that the state court would "retain jurisdiction over the subject matter of this case, including any issues related to insurance coverage for the judgment against Knollwood and Clark under any of the liability

---

[1]    Knollwood asserted that Reecher, as the former property manager of an apartment complex owned by Knollwood, had failed to properly manage and maintain the complex, allowed residents to live free of rent, failed to address maintenance problems, and purchased items on a credit account charged to the apartment complex.

insurance policies issued to either Knollwood or Clark, and all issues pertaining to the entry of Judgment herein entered." (Doc. 2-10 at 3, ¶ 12).

On the day the Journal Entry of Judgment was filed, Reecher filed in that action a third-party petition against both Acceptance Indemnity Insurance Company (Acceptance) and Capitol Indemnity Corporation (Capitol), alleging breach of contract and bad faith and seeking garnishment of the insurance policies in satisfaction of her settlement with Knollwood and Clark. (Doc. 2-11). In that pleading, Reecher asserted that Knollwood and Clark had assigned to Reecher their rights under insurance policies in which Knollwood and Clark were insureds. (*See id.* at ¶ 19). On April 1, 2014, Acceptance and Capitol removed the action (Doc. 2), and Reecher subsequently moved to remand the case (Doc. 23).

**II.    Discussion**

*Service of Suit Clause*

In support of her Motion to Remand, Reecher cites a "service of suit" clause contained in Acceptance's insurance contract:

> In the event the Company fails to pay any amount claimed to be due, the Company, at the insured's request, will submit to a court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction. All matters arising hereunder shall be determined in accordance with the law and practice of such court.

(Doc. 23, Ex. 14). Reviewing similar clauses, a majority of courts have concluded that such clauses clearly and unequivocally waive the insurer's right to remove. *Fleming Bldg. Co. v. Columbia Cas. Co.*, 751 F. Supp. 2d 1218, 1219-20 (N.D. Okla. 2010) ("The overwhelming weight of authority ... is that such clauses waive the defendant's right of removal") (collecting cases); *Garcia v. Century Sur. Co.*, No. 14-CV-3196-RM-MJW, 2015 WL 1598069, at *2 (D. Colo. Apr. 7, 2015)

(unpublished) ("Almost every court to review the question has concluded that this language clearly and unequivocally waives an insurer's right to remove").

In *Fleming*, the insured's policy contained the following clause:

> In the event of our failure to pay any amount claimed to be due hereunder, we at your request, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

*Id.* at 1219 (emphasis omitted). The court in *Fleming* reasoned that this clause operated as an agreement between the insured and the insurer that the latter would "not only submit to the jurisdiction of the court chosen by [the plaintiff], but also to comply with all the requirements necessary to give the chosen court jurisdiction . . . ." *Id*. at 1221. Thus, "[t]o permit [the insurer] to remove the case would deprive the insured of the full benefit of the provision." *Id.*

The court in *Fleming* placed primary reliance on *City of Rose v. Nutmeg*, 931 F.2d 13 (5th Cir. 1991). *Nutmeg* involved a provision very similar to the clauses at issue in *Fleming* and here. *Nutmeg* also stated that "this court is persuaded that by including the 'Service of Suit' endorsement in the general liability policy it issued to Rose City, Nutmeg ceded to Rose City *(and therefore its assignees*) the right to choose the forum in which any dispute would be heard, and has forgone the right to remove the action." *Id.* at 15 (emphasis added). Thus, *Nutmeg* expressly recognized that an assignee may invoke a service of suit clause to bar a defendant insurer from removing. *See id.*[2]

---

[2] Like the Fifth Circuit in *Nutmeg*, other Circuits have concluded that service of suit clauses waive an insurer's right to remove. *Dinallo v. Dunav Ins. Co.*, 402 F. App'x 595, 596 (2d Cir. 2010) (unpublished) ("We ... conclude that the service of suit provision unambiguously waives [the insurer's] right of removal.... [C]ase law in this Circuit and in our sister Circuits amply supports this interpretation of the provision."); *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1047 (11th Cir. 2001); *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216-17 (3d Cir. 1991). As the defendants note, it does not appear that the Tenth Circuit has determined the precise issue presented.

3

Failing to find any material distinction between the language at issue in *Fleming*, *Nutmeg*, and the instant matter, the Court finds the rationale of those cases persuasive and adopts their reasoning here. ***Waiver of Right to Remand***

In an attempt to escape the holding of *Fleming* and similar cases, the defendants argue that Reecher waived her right to seek remand when she filed motions seeking to move forward with discovery and she filed a jury demand in this Court. It is true that a plaintiff may waive objections to certain defects in removal "by affirmatively litigating in federal court." *Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012); *Parks v. Montgomery Ward & Co.*, 198 F.2d 772 (10th Cir. 1952). A district court has broad discretion in deciding whether a plaintiff has waived her right to remand. *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988). Courts usually look to "the extent of a plaintiff's conduct in the federal proceedings" as a guiding factor. *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989).

Merely filing a jury demand does not constitute sufficient affirmative conduct to waive the right to remand. "[B]ecause of the timing conflict that parties face when a Notice of Removal is filed 'it would be ludicrous to conclude the filing of a jury demand before a remand motion constitutes acquiescence to the federal forum and a waiver of the right to remand an improperly removed case.'" *Retail Pharm. Mgmt. Servs., Inc. v. Smart-Fill Mgmt. Grp., Inc*., No. CIV-10-496-FHS, 2011 WL 1100252, at *2 (E.D. Okla. Mar. 24, 2011) (unpublished) (quoting *Benjamin v. Nat. Gas. Pipeline Co. of Am.*, 793 F. Supp. 729, 732 (S.D. Tex. 1992)); *see also Intercoastal Refining Co., Inc. v. Jalil*, 487 F. Supp. 606 (S.D. Tex. 1980) (jury demand does not constitute a per se waiver of right to remand, because the deadline for a jury demand is shorter than the deadline for filing a motion to remand).

The Court likewise concludes that Reecher's requests in this Court to proceed with discovery do not constitute a waiver of her right to seek remand. Discovery is generally authorized in both state and federal court, and the Court is unaware of any authority that would preclude a party from utilizing in remanded state court proceedings discovery that was obtained during the pendency of a motion to remand in federal court.

**III.  Conclusion**

For the reasons set forth herein, Reecher's Motion to Remand (Doc. 23) is hereby **granted**. The Court **directs** the Court Clerk to **remand** this action to the District Court for Tulsa County, Oklahoma. As a result of this remand order, all motions relating to the pendency of this action in federal court (Doc. 9, 15, 29, 30, and 35) are **moot**. To the extent that defendants seek to pursue their partial dismissal motion (Doc. 16), they should advise the state court upon remand of the pendency of that motion.

SO ORDERED this 12th day of June, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE